UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| KEVIN BRAZELTON, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No.: 3:20-CV-32-TAV-HBG |
|  | ) |  |
| BOB MCGEE, | ) |  |
| OFFICER MILLER, | ) |  |
| WILLIAM B. LEE, and | ) |  |
| INDYA KINCANNON, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

# **MEMORANDUM OPINION**

Plaintiff, a prisoner of the Tennessee Department of Correction ("TDOC"), has filed a pro se complaint for violation of his civil rights pursuant to 42 U.S.C. § 1983 setting forth claims arising out of an alleged use of excessive force during his criminal trial and a subsequent failure to provide medical care [Doc. 2], two motions for leave to proceed *in forma pauperis* [Docs. 1, 7], and motion to supplement his complaint [Doc. 6]. For the reasons set forth below, Plaintiff's motions for leave to proceed *in forma pauperis* [Docs. 1, 7] will be **GRANTED**, Plaintiff's motion to supplement his complaint [Doc. 6] will be **DENIED**, and this action will be **DISMISSED** as it is barred by the statute of limitations and the complaint therefore fails to state a claim upon which relief may be granted under § 1983.

**I.  FILING FEE**

As it appears from his motions for leave to proceed *in forma pauperis* [Docs. 1, 7] that Plaintiff lacks financial resources to pay the filing fee, these motions [*Id.*] will be **GRANTED**.

Because Plaintiff is a prisoner of the TDOC, he will be **ASSESSED** the filing fee of three hundred fifty dollars ($350.00). The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A), (B). Thereafter, the custodian of Plaintiff's inmate trust account will be directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00), as authorized under 28 U.S.C. § 1914(a), has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this procedure, the Clerk will be **DIRECTED** to mail a copy of this memorandum opinion and the accompanying order to the custodian of inmate accounts at Plaintiff's current institution and the Attorney General for the State of Tennessee. The Clerk also will be **DIRECTED** to send a copy to the Court's financial

deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. MOTION TO AMEND

As set forth above, Plaintiff has filed a motion to amend/supplement his complaint [Doc. 6]. Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of course within twenty-one (21) days after service of such pleading, or within twenty-one (21) days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may only amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Even if the Court were to assume that Plaintiff may automatically amend his complaint under Rule 15(a)(1)(A), Plaintiff's motion will be denied for failure to comply with the Court's local rules. Specifically, despite the Court having previously notified Plaintiff of the requirements of Local Rule 15.1 [Doc. 4 p. 5], Plaintiff did not attach a complete proposed amended complaint to his motion as is required by this rule. *See* E.D.TN. LR 15.1. Accordingly, Plaintiff's motion to amend/supplement his complaint [Doc. 6] will be **DENIED**.[1]

---

[1]. Moreover, the Court notes that even if it allowed Plaintiff to amend his complaint in the manner that he requests, the complaint would still be subject to dismissal. Specifically, it appears from Plaintiff's motion, which, like the complaint, is difficult to follow, that Plaintiff seeks to add legal support for an argument that Knox County should be liable for the acts of Defendants and/or claims for damages to his complaint [Doc. 6 p. 1–3]. However, any such supplements would not change the Court's determination, set forth more fully herein, that the complaint is untimely and therefore fails to state a claim upon which relief may be granted under § 1983.

## III. COMPLAINT SCREENING

### A. SCREENING STANDARD

Under the Prison Litigation Reform Act, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. 28 U.S.C. §§ 1915(e)(2)(B), 1915(A); *Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983; *see Polk Cty. v. Dodson*, 454 U.S. 312, 315 (1981).

B.     ALLEGATIONS

Plaintiff's complaint, which he signed on January 15, 2020, is fifty-seven (57) pages of mostly single-spaced and handwritten factual and legal allegations that are difficult to follow [Doc. 2]. The Court's review of the entirety of the complaint establishes, however, that Plaintiff's claims arise out of an incident during his underlying criminal trial on April 24 or 25, 2018, in which he alleges that Defendant Officer Miller used excessive force against him pursuant to an agreement between Defendants Officer Miller and Judge McGee [*Id.* at 6–7].

Specifically, Plaintiff alleges that after these Defendants had a stun belt placed upon him during his criminal trial due to his behavioral issues, Defendant Miller caused the belt to stun Plaintiff after he stood up to watch his grandmother leave the courtroom because Plaintiff did not have permission to do so [*Id.* at 8–14]. Based on this incident and the alleged subsequent deprivation of adequate medical care for the injuries he obtained as a result thereof, Plaintiff seeks to assert a number of claims for relief under § 1983 and/or state law against all Defendants [*Id.* at 15–57].

C.     ANALYSIS

District courts apply state statutes of limitations to § 1983 claims. *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005). Tennessee applies a one-year statute of limitations to § 1983 actions. Tenn. Code Ann. § 28-3-104(a); *Zundel v. Holder*, 687 F.3d 271, 281 (6th Cir. 2012).

Federal law, however, determines "[t]he date on which the statute of limitations begins to run in a § 1983 action." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (citing *Kuhnle Bros. v. Cty. of Geauga*, 103 F.3d 516, 520 (6th Cir. 1997)). The Sixth Circuit has held that a cause of action accrues and the statute of limitations begins to run when an event occurs that "should have alerted the typical lay person to protect his or her rights." *Id.* (quoting *Kuhnle Bros*, 103 F.3d at 520).

It is apparent that the events that "should have alerted" Plaintiff to protect his rights, namely the use of the stun belt and the alleged denial of medical care for his injuries, occurred on April 24 or 25, 2018, which is more than a year and a half before Plaintiff signed his complaint on January 15, 2020 [Doc. 2 p. 57].

Plaintiff relies on *Ruff v. Runyon*, 258 F.3d 498 (6th Cir. 2001), in arguing that his claims are not time-barred because the statute of limitations did not begin to run until the disposition of the underlying criminal charges against him pursuant to the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994) [Doc. 2 p. 47–48]. But this argument is without merit. Unlike the claims in *Heck v. Humphrey*, Plaintiff's claims for relief under § 1983 and/or state law do not arise out of and are not premised on the underlying criminal charges against him. Rather, Plaintiff's claims arise out of alleged acts of excessive force and/or deliberate indifference that occurred during his criminal trial on April 24 or 25, 2018. This case is therefore distinguishable from *Heck v. Humphrey*, and Plaintiff's argument fails.

Thus, as the Court has noted, the statute of limitations for Plaintiff's claims based on defendants' alleged acts or excessive force and/or deliberate indifference began to run on the date on which those acts occurred. *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (providing that "a § 1983 claim for excessive force in effectuating arrest accrues at the time of arrest"); *Hermansen v. Schickel*, 202 F.3d 268, 1999 WL 1282438, at *1 (6th Cir. 1999) (table) (finding that cause of action for denial of medical care accrued on the date of the denial even if the plaintiff did not know of the full extent of his injury until later). Because those acts occurred more than a year before Plaintiff signed his complaint, his claims arising therefrom are time-barred. *See* Tenn. Code Ann. § 28-3-104(a); *Zundel*, 687 F.3d at 281.

Accordingly, the complaint fails to state a claim upon which relief may be granted under § 1983, and this action will be **DISMISSED**.

## IV. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motions for leave to proceed *in forma pauperis* [Docs. 1, 7] will be **GRANTED**.

2. Plaintiff will be **ASSESSED** the civil filing fee of $350.00.

3. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above.

4. The Clerk will be **DIRECTED** to mail a copy of this memorandum opinion and the accompanying order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Attorney General for the State of Tennessee and to furnish a copy of this order to the Court's financial deputy.

5. Plaintiff's motion to amend/supplement his complaint [Doc. 6] will be **DENIED**.

6. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A).

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER**:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE